UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          :
                                  :
                                  :
                                  :
v.                                :          Case No.: 8:15-CR-457-SDM-TGW
                                  :
                                  :
JAMAL SMITH                       :
_____:

**DEFENDANT JAMAL SMITH'S SENTENCING MEMORANDUM**

COMES NOW, the undersigned counsel, on behalf of the Defendant, JAMAL SMITH, and files this his sentencing memorandum and in support states as follows:

I.      SENTENCING POSITION

At sentencing in the above styled case the issue before this Honorable Court is whether the Defendant should receive a prison sentence within the advisory federal guideline range of 188 months to 235 months. The Defendant is subject to a statutory minimum mandatory sentence of 180 months.

Given the totality of the circumstances of the above styled case, and the totality of the circumstances of this Defendant's life, the Defendant respectfully submits that a sentence of 180 months in custody of the Bureau of Prisons followed by a term of supervised release is a reasonable but not greater than necessary sentence that protects the public and promotes respect for the law.

II.     PRESENTENCE INVESTIGATION REPORT

The Defendant has no objections to the factual accuracy of the presentence investigation report. The Defendant has no objections to the legal accuracy of the presentence investigation

report. Undersigned counsel understands this Honorable Court read the presentence investigation report prior to sentencing and will not regurgitate the information contained within it in this memorandum in the form of his downward variance request. Undersigned counsel will however highlight several mitigating facts and in turn make legal argument that is relevant to imposing a just sentence.

III.     APPICLABLE LAW REGARDING THE FEDERAL SENTENCING GUIDELINES

Undersigned counsel understands this Honorable Court knows the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines pursuant to *United States v. Booker*, 543 U.S. 220, 245-67 (2005), *Gall v. United States*, 552 U.S. 38, 53 (2007) and the equal factors as set forth under Title 18 United States Code Section 3553(a). As such, there will not be an in depth analysis of this area of the law in this memorandum. However, should this Honorable Court have questions for undersigned counsel on this area of the law undersigned counsel will be prepared to address them.

IV.     LEGAL ANALYSIS

The Defendant requests a downward variance to a term of imprisonment of 180 months pursuant to the history and characteristics of the Defendant. Tile 18 United States Code 3553(a). This amounts to a variance of eight months. In mitigation, the Defendant notes his difficult upbringing. The Defendant did not know his absentee father, who abandoned his family and shirked his parental responsibilities while the Defendant was a young boy. The Defendant's single mother was a drug addict who was often jailed for drug offenses and in general neglected the Defendant in his formative years. As a result the Defendant floundered in school, became a drug addict in his teenage years and spent a great deal of time in and out of juvenile detention before his adult criminal conduct predictably began.

It is clear the Defendant did not have the proper foundation for success and, while his mistakes are his and his alone, there is mitigation in his background as a result. The former is not offered to exculpate the Defendant. It is simply offered as a legal basis to downward vary a whopping eight months.

V.      REQUESTS FOR JUDICIAL RECOMMENDATIONS

The Defendant has several requests for judicial recommendations. Before they are discussed, the Defendant understands judicial recommendations are just that – recommendations. There is no guarantee that a judicial recommendation will result in action while in the Bureau of Prisons. However, relevant statute and Bureau of Prison policy both state more weight is given to a judicial recommendation if there is a factual basis on the record for the judicial recommendation.[1]

First, the Defendant respectfully requests that he be housed in a Federal Correctional Institution located closest in proximity to Tampa, Florida. As a factual basis for this recommendation, the Defendant's family and friends all currently reside in Tampa, Florida area. The love and support resulting from the Defendant's family and friends being able to visit him while he is in prison will allow him a greater chance of positive matriculation through the prison system.

---

[1] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. Section 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification". Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines. Therefore while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

Second, it is imperative that the Defendant be placed in the 500 Hour Residential Drug Abuse Program (RDAP). 18 U.S.C. Sections 3621. As a factual basis for this judicial recommendation, the Defendant points this Honorable Court to page 21, paragraphs 81 through 87. These paragraphs set forth the Defendant's history of drug and alcohol abuse from the age of 14 to his current arrest. It is noted that the Defendant may not be eligible because his offense involves a firearm. If this is the case, the Defendant respectfully requests he be placed in the Non-Residential Drug Abuse Program.

## **CONCLUSION**

WHEREFORE, the Defendant, JAMAL SMITH, by and through the undersigned counsel respectfully requests this Honorable Court grant the stated relief and/or any other relief this Honorable Court deems appropriate.

Respectfully submitted,

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Tampa, Florida 33606
Direct:      (813) 228-6989
Email: mjo@markjobrien.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on May 9, 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien