7020 2450 0001 7486 3225

UNITED STATES DISTRICT COURT
MIDDLE         DISTRICT OF FLORIDA
TAMPA      DIVISION

JAMAL SMITH_____,

        Petitioner,

v.                                          8:22-cv- 1889- SDM- TGW

                              CR. Case No: 8:15-cr-457-T-23TGW
UNITED STATES OF AMERICA,

        Respondent.

---

## PETITION  TO VACATE SENTENCE
## TO CORRECT WORKING MANIFEST INJUSTICE

COMES NOW, Jamal Smith_____ moves this Honorable Court to Vacate his sentence or appoint counsel to correct working manifest injustice. This petition is made in good faith, and is wholly intended to prevent further prejudice of Petitioner. In further support of this petition the following is averred:

1. Petitioner was sentenced to 210 months on May 16, 2017 for violation of 18 U.S.C. §922(g).

2. Petitioner was sentenced as an Armed Career Criminal 18 U.S.C. §924(e).

3. The Probation Division of this Court, along with the government and defense counsel knew or should have known that the alleged predicate offense were not a serious drug offense(s) because Petitioner's state convictions involved "Iofulpane". A substance the Federal Government did not control at the time of his federal firearm offense.

4. This conviction is clearly the product of plain error, and because Petitioner's conviction violated Petitioner's right to due process and fair notice, a manifest injustice exist, and although the court has a wide latitude of discretion, the court does not have the discretion to knowingly pass an illegal sentence and then let that illegal sentence stand. Montgomery v. Louisiana, 577 U.S. 190, 221, 163 S. Ct. 718, 193 L.Ed.2d 599 (2016).

5. At the time of Petitioner's firearm offense (federal) The Control Substances Act schedules incorporated into the "serious drug offense" definition "EXCLUDED" Ioflupane, United States v. Jackson, 36 F. 4th 1294 (11th Cir. 2022). Also see: Concepcion v. United States No: 20-1650.

6. Petitioner wholly believes that because the court, the probation division, the government, and Petitioner's counsel knew or should have known that because the U.S. Government had de-scheduled Ioflupane in 2015, and that Petitioner's current sentence of 210 months is wholly illegal and thus divested this court of jurisdiction to render the enhancement and the First step to correcting this manifest injustice is to remand for further proceedings, and/or with the next step "Appointment of competent and conflict free counsel".

Done and executed on this 16 day of August , 2022 and copied to the U.S. Attorney for the Middle District of Florida.

All Rights Reserved,
/s/ Jamal Smith
Jamal Smith
Reg. #67928-018 .
F.C.I. Jesup-Medium
2680 Hwy 301 South
Jesup, GA 31599

-2-