7014 1200 0000 5940 6195

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court - *MIDDLE* | District *OF FLORIDA* | | Docket or Case No.: *8:22-CV-1889-SDM-TGW* |
|---|---|---|---|
| Name *(under which you were convicted):* *Jamal Smith* | | | |
| Place of Confinement: *Jesup Correctional Federal Institution* | | Prisoner No.: *67928-018* | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* | |
| | V. | *Jamal Smith* | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    *UNITED STATES DISTRICT COURT*
    *MIDDLE DISTRICT OF FLORIDA*
    *TAMPA, DIVISION*

    (b) Criminal docket or case number (if you know): *8: 15-CR-457-SDM-TGW*

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: *MAY 16, 2017*

3.  Length of sentence: *210 MONTHS*

4.  Nature of crime (all counts): *18 U.S.C. 922(g) /FELON IN POSSESSION OF A FIREARM/AMMUNITION*

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐        (2) Guilty ☑        (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ☐        Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☐

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7)  Result: _____

(8)  Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☑

(7)  Result: _____

(8)  Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ☐     No ☑

(2)  Second petition:    Yes ☐     No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: _INEFFECTIVE ASSISTANCE OF COUNSEL - CONCEALING A MATERIAL FACT AT SENTENCING, WHERE COUNSEL HAD A DUTY TO DISCLOSE TO THE PETITIONER THAT IN SEPT._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

2015 THE FEDERAL GOVERNMENT; THE DEPARTMENT OF JUSTICE, THE DEA AND ITS DIVERSION CONTROL DIVISION REMOVED IOFLUPANE FROM THE SCHEDULE II OF THE CONTROLLED SUBSTANCE ACT.

a). COUNSEL FAILED TO OBJECT TO THE ACCA SENTENCE PETITIONER RECEIVED AND HAD COUNSEL WENT ON RECORD DISCLOSING TO THE COURT THAT PURSUANT TO THE DOJ/DEA MEMO OF SEPT. 11, 2015 OF THE REMOVAL REGULATORY CONTROLS AND ADMINISTRATIVE, CIVIL AND CRIMINAL SANCTIONS APPLICABLE TO CONTROLLED SUBSTANCES. BECAUSE IOFLUPANE IS DERIVED FROM COCAINE VIA ECOGONINE BOTH OF WHICH ARE CONTROLLED SUBSTANCES WHERE AS HAD COUNSEL DISCLOSED/RAISED THE IOFLUPANE AND THE FACT THAT THE FEDERAL GOVERNMENT DID NOT CONTROL "IOFLUPANE" AT THE TIME OF PETITIONER'S CONVICTION AND SENTENCE FOR VIOLATING 18 U.S.C. 922(G) AND 18 U.S.C. 924(e). PETITIONER'S COULD NOT HAVE RECEIVED A SENTENCE OF MORE THAN 120 MONTHS AS A MATTER OF DUE PROCESS (5th AMENDMENT). AND EQUAL PROTECTION. HAD PETITIONER HAD FAIR NOTICE OR HAD COUNSEL WENT ON THE RECORD ADVISING THE COURT OF THE MEMO DOJ/DEA DIVERSION CONTROL DIVISION, THE OUTCOME WOULD HAVE BEEN DIFFERENTLY AND/OR AT THE VERY END PETITIONER WOULD HAVE INSISTED ON GOING TO TRIAL.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

_DID NOT FILE A DIRECT APPEAL, BECAUSE INFORMATION REGARDING RELIEF WAS NEVER DISCLOSED TO ME._

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _28 U.S.C. 2255_

Name and location of the court where the motion or petition was filed:

_U.S. DISTRICT COURT - MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION_

Docket or case number (if you know): _8:22-CV-1889-SDM-TGW_

Date of the court's decision: _NO DECISION ORDERED TO COMPLETE THIS FORM. SEE ATTACHED_

Result (attach a copy of the court's opinion or order, if available): _EXHIBIT A._

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☑ NO DECISION AS OF YET.

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐ No DECISION AS OF YET.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: No DECISION HAS BEEN MADE ON THIS 28 U.S.C. 2255.

**GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL · FAILURE TO INVESTIGATE AND OBJECT TO (AT SENTENCE. THE COURT'S FAILURE TO APPLY CATEGORICAL APPROACH TO DETERMINE WHETHER PRIOR CONVICTION IS A "SERIOUS DRUG OFFENSE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

COUNSEL FAILED TO INVESTIGATE WHETHER A VIOLATION OF FLA. STAT. 893.13 NECESSARILY INVOLVED A CONTROLLED SUBSTANCE AS DEFINED IN 21. U.S.C. 802. HAD COUNSEL DID ITS DUE DILLI-GENCE COUNSEL WOULD HAVE LEARNED THAT PETITIONER'S SHEPARD DOCUMENTS WOULD ONLY REVEAL "COCAINE" AS DESCRIBED IN FLA. STAT. 893.03, MAKING THE DOJ/DEA DIVERSION CONTROL INFORMATION VITAL TO THE ENHANCEMENT ISSUE, AS IOFLUPANE WAS NO LONGER CONTROLLED BY THE CONTROLLED SUBSTANCE ACT, THUS: BUT FOR COUNSEL'S DEFICIENT PERFORMANCE THE OUTCOME WOULD HAVE BEEN DIFFERENT. AND HE WOULD NOT HAVE RECEIVED AN EXCESS-IVE PUNISHMENT OF (MORE THAN 90 MONTHS) IN VIOLATION OF THE DUE PROCESS CLAUSE GUARANTEED TO PETITIONER IN OUR CONSTITUTION FOR THE REPUBLIC OF THE UNITED STATES OF AMERICA WITH THE DRAFTING OF THE FOURTH, FIFTH, SIXTH AND EIGHTH AMENDMENTS.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐ THIS WILL BE INITIAL 28 U.S.C 2255

(2) If you did not raise this issue in your direct appeal, explain why: *COUNSEL FAILED TO GIVE PETITIONER DUE PROCESS AND FAIR NOTICE AND FAILED TO OBJECT TO THE CHANGES IN THE CONTROLLED SUBSTANCE ACT 21. CFR. 1308 / DEA / DOJ AND DIVERSION CONTROLL DIVISION MEMO.*

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐    *NOW*

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: *28 USC 2255*

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): *8:22 - CV- 1889 - SDM - TGW*

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** *Ineffective Assistance of Counsel, Violation of Right to Counsel, where counsel failed to produce Shepard documents at sentencing was unreasonable and deficient performance.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Because counsel failed to produce Shepard documents, or review Shepard documents at sentencing, counsel failed to discover or raise the issue that the governments mere assertion of petitioner's prior arrest/conviction record. Did not establish that the substance involved was cocaine as it is defined in the controlled substance act. Where counsel (the government, the probation division) knew or should have known from the DOJ/DEA and the diversion control division memo sent to all government administrative, civil and criminal courts on Sept. 11, 2015, that the removal of ioflupane from the controlled substance act disqualified petitioner's predicate offenses involving 893.13 which subsequently lead to petitioner receiving a unconstitutional sentence of 210 mos. in violation of petitioner's rights and guarantees provided in the Fifth Amendment-right to due process; Sixth Amendment right to counsel; and the Eighth Amendment right against excessive, cruel and unusual punishment, see exhibit "B"

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐   This initial 28 U.S.C. 2255

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐   Now

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: 28 U.S.C 2255

Name and location of the court where the motion or petition was filed:

United States District Court - M.D. of Florida - Tampa Division

Docket or case number (if you know): 8:22-cv-1889 SDM-TGW

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

   Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

   Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  Yes ☐  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

1. Petitioner was denied Due Process and fair notice regarding the D.O.J./D.E.A. Memo sent by the Diversion Control Division, which was never revealed to Petitioner even though the memo had been sent to all of the governments administrative, civil and criminal courts, but counsel never revealed the information to Petitioner misleading Petitioner that there was no relief available at the time of Petitioner's sentence, that has lead to prejudice, and gross violation of Petitioners civil and constitutional rights (Fourth, Fifth, Sixth and Eighth Amendments).

2. Once Petitioner discovered that his counsel had suppressed the D.O.J. Memo to convince Petitioner to accept counsel's erroneous advice and accept the unconstitutional sentence of 210 mos, Petitioner immediately filed his Petition to Vacate Sentence to correct working manifest injustice on August 16, 2022.

3. See: Exhibit "A", "B", and "C"

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore. movant asks that the Court grant the following relief: VACATE AND REMAND His 210 MONTH SENTENCE AND GIVE HIM A SENTENCE BETWEEN 0 TO 120 MONTHS THAT WOULD COVER His PUNISHMENT AND SUPERVISED RELEASE AS a MATTER OF DUE PROCESS AND EQUAL PROTECTION

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___SEPTEMBER 19th 2022___ .
(month, date, year)

Executed (signed) on ___SEPTEMBER 19th 2022___ (date)

_____ #67928-018
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.