# UNITED STATES DISTRICT COURT

_Middle_ DISTRICT OF _Florida_

_Tampa_ DIVISION

_Jamal Smith_ ,

**PETITIONER**

**V.**

CASE NO. _8:15-cr-00457-SDM-TGW_

**UNITED STATES OF AMERICA**

**RESPONDENT**

**PETITION FOR RELIEF OF JUDGEMENT, IN LIGHT OF THE SUPREME COURT OF THE UNITED STATES, FINDING THAT §924(e)(1) AS APPLIED VIOLATED THE PETITIONER'S DUE PROCESS RIGHTS AS GUARANTEED UNDER THE FIFTH AND SIXTH AMENDMENTS (SEE ERLINGER V. UNITED STATES, NO. 23-370)**

Comes now _Jamal Smith_ , Pro Se Petitioner, who humbly moves this honorable Court to grant the Petitioner relief of judgement, and remove the Armed Career Criminal designation and resentence the Petitioner to the statutory maximum of 120 months, in light of the retroactive intervening change of law enacted with the decision handed down in **Erlinger v. United States, No. 23-370.** In further support of this petition, the following is averred:

1.) On _May_ _16_ , 20 _17_, at the Petitioner's sentencing, and after testimony by the Probation Division, the Petitioner's sentence was enhanced pursuant to 18 U.S.C. §924(e)(1) with the Petitioner being sentenced as an Armed Career Criminal and sentenced to _210_ months for violating 18 U.S.C. §922(g)(1).

2.) The government in **Erlinger** acknowledged "Wooden" did hold that the A.C.C.A.'s occasion's "inquiry" can require an examination of a "range" of facts, including whether the Defendant's past offenses were "Committed Close in Time", whether they were committed near to or far from one another, and whether the offenses were "similar or intertwined" in purpose and character. (Id at 369) Given the intensely factual nature of this inquiry and the impact its resolution can have on the Petitioner's sentence, the Government admitted: "A Jury must resolve it". That conclusion that the Government represented, flows directly from the Supreme Court's consistent holdings that the Fifth and Sixth Amendments generally guarantee a Defendant the right to have a unanimous jury find beyond a reasonable doubt, any fact that increased the Petitioner's exposure to punishment.

3.) The **Erlinger** Court in its decision stated: "Judges may not assume the Jury's fact-finding function for themselves, let alone purport to perform it using a mere preponderance-of-the-evidence standard." As occured in the instant case, to hold otherwise might not portend a revival of the Vice-Admiralty Courts that the farmers so feared. But all the same, it would intrude on a power the Fifth and Sixth Amendments reserve to the American people.

4. There is no efficiency exception to the Fifth and Sixth Amendments. In a free society, respectful of the individual, a Criminal Defendant enjoys the right to hold the Government to the burden of proving its case beyond a reasonable doubt to a unanimous jury of the Petitioner's peers "regardless of how overwhelming" the evidence may have seemed to the Honorable Judge. (**Rose v. Clark, 478 U.S. 570, 578**)).

5.) The Petitioner would assert lastly that his case is as nearly on all fours with **Apprendi** and **Alleyne** as any of the Supreme Court might imagine. In **Apprendi**, a Judge relied on his own factual findings under a preponderance-of-the-evidence standard to increase the Petitioner's/Defendant's maximum sentence from 10 years to 20 years. (**530 U.S. at 469**). In **Alleyne**, a Judge proceeded the same way to increase the Defendant's minimum sentence from five years to seven years. (**507 U.S. at 104**). Here, in the instant case, this Court's factual findings that Mr. _Smith_'s offenses occurred on at least three separate occasions had the effect of increasing both the minimum and maximum sentences his faced. Rather than a sentence of 10 years in prison, this Court's findings left Mr. _Smith_ exposed to Life in prison, a violation of the Petitioner's rights to Due Process as provided him in the Fifth and Sixth Amendments. Requiring a bifurcated trial, however, as matter of judicial economy, the Petitioner would accept a Guideline sentence of 0 to 120 months.

## IN SUMMARY

1.) The sentence was imposed in violation of the Constitution.
2.) The Court was without jurisdiction to impose such a sentence. (The matter of jurisdiction can be raised at any time.)
3.) The sentence was in excess of the maximum authorized by law.
4.) The integrity of the proceedings are indeed in question.

Based on the Due process provisions set forth and guaranteed by the Fifth, Sixth, and Seventh Amendments, the Petitioner believes that justice will be best served by this Court, granting the Petitioner Relief of Judgement and order a resentencing of the

Petitioner to a range of 0 to 120 months, and/or set the matter for a speedy, public, bifucated trial. Done and executed on this _22nd_ day of _July_, 2024, and copied to the office of the U.S. Attorney for the _MIDDLE_ District of _FLORIDA_, _TAMPA_ Division.

All Rights Reserved,

#67928-018

F.C.I. Jesup
2680 Hwy. 301 South
Jesup, GA. 31599-0001